Judge McMahon

Martin F. Casey
Janine E. Brown
**CASEY & BARNETT, LLC**
65 West 36th Street, 9th Floor
New York, New York 10018
(212) 286-0225
Attorneys for Plaintiff

13 CV 8429

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X       2013 Civ.

ACE EUROPEAN GROUP LIMITED a/s/o
INDUSTRIAS Y PROMOCIONES
ALIMIENTICIAS, S.A.U.,

       Plaintiff,

   - against --

MEDITERRANEAN SHIPPING COMPANY S.A.
and PORTS AMERICA,

       Defendants.
-------------------------------------------------------------X

**COMPLAINT**



RECEIVED
NOV 26 2013
U.S.D.C. S.D.N.Y.
CASHIERS

Plaintiff, ACE EUROPEAN GROUP LIMITED a/s/o INDUSTRIAS Y PROMOCIONES ALIMIENTICIAS, S.A.U., by and through its attorneys, Casey & Barnett LLC, as and for its Complaint, alleges upon information and belief as follows:

### JURISDICTION

1.    This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure. Jurisdiction is predicated upon 28 U.S.C. §1333, 28 U.S.C. §1367 and 28 U.S.C. §1332.

### PARTIES

2.    At all material times, ACE EUROPEAN GROUP LIMITED (hereinafter "Ace") was and is a corporation with an office and place of business located at Avenue des Nerviens 9-

31, 1040 Brussels, Belgium, and is the subrogated underwriter of a consignment of 17,160 cartons of tomato sauce laden on board the M/V MSC MONTEREY, as more specifically described below.

3.      At all material times, INDUSTRIAS Y PROMOCIONES ALIMIENTICIAS, S.A.U. was and is a corporation with an office and place of business located at Plaza Europa 41, Planta 16, L'Hospitalet de Llobregat, Barcelona, Spain, and is the shipper of a consignment of 17,160 cartons of tomato sauce laden on board the M/V MSC MONTEREY, as more specifically described below.

4.      At all material times, defendant, MEDITERRANEAN SHIPPING COMPANY S.A. (hereinafter "Defendant" or "MSC") was and is a corporation with an office and place of business located at 420 Fifth Avenue, New York, New York 10018 and at all relevant times, was and is still doing business within the jurisdiction of this Honorable Court as a common carrier.

5.      At all material times, defendant, PORTS AMERICA (hereinafter "Ports America" or "Defendant") was and is a corporation with an office and place of business located at 525 Washington Boulevard, Suite 1660, Jersey City, New Jersey 070310 and at all relevant times, was and is still doing business within the jurisdiction of this Honorable Court as Operator of the Port Newark Container Terminal (hereinafter "the Terminal" or "PNCT") located at 241 Calcutta Street, Newark, New Jersey 07114.

6.      Plaintiff brings this action on its own behalf and as agent and/or trustee on behalf of and for the interest of all parties who may be or become interested in the said consignment, as their respective interests may ultimately appear, and plaintiff is entitled to maintain this action.

2

## AS AND FOR A FIRST CAUSE OF ACTION

7.     On or about October 17, 2012, a consignment, consisting of 17,160 cartons of tomato sauce, then being in good order and condition, was laden into containers CAXU4746244, TGHU4897732, CAIU8667943, DRYU9390833, CRXU4224413, FSCU4087604, MEDU4044400, MSCU5666568, INBU5288537, MEDU4043282, TRLU4489936, TGHU4763266, and CRXU4182935, and was delivered to the M/V MSC MONTEREY and to defendant MSC and/or its agents at the port of Sines, Portugal for transportation to New York, New York in consideration of an agreed upon freight, pursuant to MSC bill of lading MSCUT9022298.

8.     Thereafter, the aforementioned consignment was loaded aboard the M/V MSC MONTEREY, the bill of lading number was issued, and the vessel sailed for its intended destination.

9.     On October 27, 2012, the subject consignment arrived at the port of New York and defendant MSC discharged the containers at Port Newark Container Terminal in Newark, New Jersey.

10.     On October 27, 2012 and days beforehand, the entire New York City region braced and prepared for Hurricane Sandy, which was widely forecasted to make landfall on or about October 29, 2012.

11.     Despite these clear and present warnings of the impending storm, defendant MSC discharged the cargo into defendant Ports America's location on October 27, 2012, and defendant Ports America accepted same.

12.     Despite these clear and present warnings of the impending storm, defendants did not move or otherwise transport the consignment away from the flood risk terminal.

13.     On or about October 29, 2012, Hurricane Sandy made landfall and the subject cargo sustained severe water damage due to water infiltration as a result of tidal surge.

14.     As a result, 11,880 cases of tomato sauce laden in containers MSCU5666568, CAXU4746244,   TGHU4897732,   CAIU8667943,   FSCU4087604,   MEDU4044400, TRLU4489936, CRXU4182935, and MEDU4043282, were damaged, resulting in a loss of no less than $145,800.00.

15.     The damage to the cargo was not the result of any act or omission of the plaintiff but, to the contrary, was due solely as the result of the negligence, fault, neglect, breach of contract of carriage, and bailment on the part of the defendants and/or their agents.

16.     Defendants and/or their agents failed to take all reasonable measures and precautions to prevent damage to the subject cargo in light of the impending, forecasted, and highly publicized storm.

17.     By reason of the foregoing, plaintiff has sustained losses which will be shown with specificity at trial, no part of which has been paid, although duly demanded, which are presently estimated to be no less than $145,800.00.

**WHEREFORE,** Plaintiff prays:

1.     That process in due form of law may issue against defendants citing them to appear and answer all and singular the matters aforesaid;

2.     That judgment may be entered in favor of plaintiff against defendants, jointly and severally, for the amount of plaintiff's damages in the amount of at least $145,800.00, together with interests, costs and the disbursements of this action; and

3.     That this Court grant to plaintiff such other and further relief as may be just and proper.

Dated: New York, New York
       November 25, 2013
       433-01

                                        CASEY & BARNETT, LLC
                                        Attorneys for Plaintiff

                              By:    _Martin F Casey_

                                     Martin F. Casey
                                     Janine E. Brown
                                     65 West 36th Street, 9th Floor
                                     New York, New York 10018
                                     (212) 286-0225