LYONS & FLOOD, LLP
65 West 36th Street, 7th Floor
New York, New York 10018
Attorneys for Defendant
MSC MEDITERRANEAN SHIPPING COMPANY, S.A.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ACE EUROPEAN GROUP LIMITED a/s/o INDUSTRIAS Y PROMOCIONES ALIMIENTICIAS, S.A.U., <br><br> Plaintiff, <br> -against- <br><br> MEDITERRANEAN SHIPPING COMPANY S.A. and PORTS AMERICA, <br> Defendants. | <u>ECF CASE</u> <br><br> 13 Civ. 8429 (CM) <br><br> <u>ANSWER TO COMPLAINT AND CROSSCLAIM</u> |

Defendant MSC MEDITERRANEAN SHIPPING COMPANY, S.A., incorrectly sued as MEDITERRANEAN SHIPPING COMPANY S.A., ("MSC"), by its attorneys, Lyons & Flood, LLP, answering plaintiff ACE EUROPEAN GROUP LIMITED a/s/o INDUSTRIAS Y PROMOCIONES ALIMIENTICIAS, S.A.U.'s, ("ACE") Complaint, alleges upon information and belief as follows:

1.  Admits that this is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure, but except as so specifically admitted, denies the remaining allegations contained in Paragraph 1 of the Complaint.

2.  Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 2 of the Complaint.

3.  Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 3 of the Complaint.

4. Admits that MSC is a corporation organized and existing under the laws of Switzerland, that it has an agent, Mediterranean Shipping Company (USA) Inc., at 420 Fifth Avenue, 8th Floor, New York, N.Y. 10018, but except as so specifically admitted, denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 4 of the Complaint.

5. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 5 of the Complaint.

6. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 6 of the Complaint.

7. Admits that MSC carried container nos.CAXU4746244, TGHU4897732, CAIU8667943, DRYU9390833, CRXU4224413, FSCU4087604, MEDU4044400, MSCU5666568, INBU5288537, MEDU4043282, TRLU4489936, TGHU4763266 AND CRXU4182935 from Sines, Portugal to the port of New York, New York aboard the M/V MSC MONTEREY, but except as so specifically admitted, denies the remaining allegations contained in Paragraph 7 of the Complaint.

8. Admits that MSC issued bill of lading MSCUT9022298, but except as so specifically admitted, denies the allegations contained in Paragraph 8 of the Complaint.

9. Admits that MSC discharged the cargo at the Port Newark Container Terminal, but except as so specifically admitted, denies the remaining allegations contained in Paragraph 9 of the Complaint

10. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 10 of the Complaint.

11. Admits that MSC discharged the cargo at the Port Newark Container Terminal, but except as so specifically admitted, denies the remaining allegations contained in Paragraph 11 of the Complaint.

12. Denies the allegations contained in Paragraph 12 of the Complaint.

13. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 13 of the Complaint.

14. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 14 of the Complaint.

15. Denies the allegations contained in Paragraph 15 of the Complaint.

16. Denies the allegations contained in Paragraph 16 of the Complaint.

17. Denies the allegations contained in Paragraph 17 of the Complaint.

### FIRST AFFIRMATIVE DEFENSE

18. The Complaint fails to state a cause of action upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

19. Plaintiff is not a real party in interest and has no standing to maintain this action.

### THIRD AFFIRMATIVE DEFENSE

20. This action should be dismissed because of insufficiency of process.

### FOURTH AFFIRMATIVE DEFENSE

21. If any losses or damages were sustained by the shipment referred to in the Complaint, which is denied, such losses or damages occurred, were caused by, or contributed to by the plaintiff or third-parties outside of MSC's control, and not by MSC.

### FIFTH AFFIRMATIVE DEFENSE

22. If any loss or damage was sustained by the shipment referred to in the Complaint, which is denied, such loss or damage occurred when the goods were out of the care, custody or control of MSC.

**SIXTH AFFIRMATIVE DEFENSE**

23. The shipments which are the subject of this suit were carried pursuant to the terms and conditions of a certain bill of lading, and tariffs by which the shipper, owner, consignee, and holder of said bill of lading agreed to be bound, and were also subject to the Carriage of Goods by Sea Act, 46 U.S.C. § 30701, et seq., and/or the Harter Act, 46 U.S.C. § 30701, et seq., and defendant MSC claims the benefits of all rights, immunities, exonerations, and limitations contained therein.

**SEVENTH AFFIRMATIVE DEFENSE**

24. Due diligence was used to make the carrying vessel seaworthy and to secure that it was properly manned, equipped, and supplied, and to make the holds and other parts of the vessel in which the shipment was carried safe and fit for its reception, in accordance with the subject bill of lading. Accordingly, if the shipment sustained any loss or damage due to any unseaworthiness of the vessel, which is denied, MSC is not liable for said loss or damage.

**EIGHTH AFFIRMATIVE DEFENSE**

25. Plaintiff has failed to mitigate its damages.

**NINTH AFFIRMATIVE DEFENSE**

26. If any losses or damages were sustained by the shipment referred to in the Complaint, which is denied, such losses or damages occurred, were caused by, or contributed to by an Act of God which was unavoidable and outside of MSC's control.

# **CROSS-CLAIM**

## AS FOR A FIRST CAUSE OF ACTION AGAINST
## CO-DEFENDANT PORTS AMERICA

27. MSC repeats and realleges each and every allegation contained in the preceding paragraphs of this answer with the same force and effect as if set forth at length herein.

28. The subject shipment referred to in the plaintiff's Complaint was placed in the care, custody, and control of Port Newark Container Terminal ("PNCT"), an affiliate of Ports America, pursuant to certain contracts, both expressed and implied between MSC, PCNT and Ports America.

29. Pursuant to the terms of the aforesaid contracts, PNCT and Ports America were responsible for, among other things, the discharging of the containers from the Vessel and further obligated to store and maintain the cargo contained in these containers in good order while at the terminal, and to effect delivery of same to plaintiff or its respective agent.

30. MSC duly performed all of the terms and conditions of said contracts on its part to be performed.

31. If plaintiff's shipment sustained any damage as a result of not being properly stored and maintained, which is denied, then it resulted from PNCT and Ports America breaching their aforementioned contractual duties, both expressed and implied, which they owed MSC, including failure to perform stevedoring services in a workmanlike manner.

32. As a result of the foregoing, if any liability is found in favor of the plaintiff and against MSC, then MSC is entitled to indemnity in full against and/or contribution in part from PNCT and Ports America, together with the costs and disbursements of this action and reasonable attorneys' fees.

### AS AND FOR A SECOND CAUSE OF ACTION AGAINST CO-DEFENDANT PORTS AMERICA

33. MSC repeats and realleges each and answer and allegation contained in the preceding paragraphs of this answer and crossclaim with the same force and effect as if set forth at length herein.

34. If plaintiff's shipments sustained any damage, which is denied, it resulted from the negligence and fault of PNCT and Ports America, without any fault or negligence on the part of MSC contributing thereto.

35. As a result of the foregoing, if any liability is found in favor of the plaintiff and against defendant MSC, then defendant MSC is entitled to indemnity in full against and/or contribution in part from PNCT and Ports America together with costs and disbursements of this action and reasonable attorneys' fees.

**WHEREFORE**, defendant MSC prays:

a. for judgment dismissing plaintiff's Complaint;

b. that should plaintiff prove its claim for cargo damage, judgment be entered in favor of plaintiff and against Ports America, together with costs and disbursements of this action, including reasonable attorneys' fees, adjudged in favor of defendant MSC;

c. that should MSC also be found liable for part or all of plaintiff's cargo damage, judgment be entered in favor of MSC and against Ports America for indemnity and/or contribution, for any monies MSC is found to be liable to plaintiff, together with the costs and disbursements of this action, including reasonable attorneys' fees; and

d. that judgment be entered in favor of MSC for such other and further relief as the Court deems just and proper.

Dated: December 4, 2013
      New York, New York

                                        LYONS & FLOOD, LLP
                                        Attorneys for Defendant
                                        MSC MEDITERRANEAN SHIPPING
                                        COMPANY S.A.

                          By:   /s/ Edward P. Flood
                                        Edward P. Flood
                                        George N. Proios
                                        Lyons & Flood, LLP
                                        65 West 36th Street, 7th Floor
                                        New York, New York 10018
                                        (212) 594-2400


TO:    Casey & Barnett, LLC
         Attorneys for Plaintiff
         65 West 36th Street, 7th Floor
         New York, New York 10018

         Attn:   Martin F. Casey, Esq.


U:\FLOODDOC\2549229\Legal\Answer.doc

**CERTIFICATE OF SERVICE**

      Erika Tax, an employee of Lyons & Flood, affirms on this 4th day of December 2013, that she electronically filed the foregoing with the Clerk of the Court for the Southern District of New York by using the CM/ECF system, and that all participants in this case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

                                                                      _____
                                                                          Erika Tax

U:\FLOODDOC\2549229\Legal\Answer.doc